## WAYNE BUILDING & LOAN CO v HERMAN et

Ohio Appeals, 9th Dist, Summit Co

No 2909. Decided May 24, 1937

Herberich, Felker, Rowley & Taylor, Akron, and Funk & Funk, Wooster, for appellant.

John McIntosh, Akron, for appellees.

## OPINION

By WASHBURN, J.

This cause is before this court on an appeal on questions of law.

The action is one in which The Wayne Building & Loan Co. sought to foreclose

its mortgage executed to it by Clarence A. Herman and Rosa A. Herman on April 20, 1936, which mortgage was filed for record on the 22nd day of April, 1936.

The record discloses that on April 17, 1937, a decree of foreclosure was duly entered providing that "unless within a period of three days from the date of this decree the 'defendants, Clarence A. Herman and Rosa A. Herman, pay or cause to be paid to the clerk of courts the costs of this action and to the plaintiff, The Wayne Building & Loan Co., the amount of its judgment together with interest as aforesaid, the equity of redemption of said defendants shall be foreclosed and said premises sold."

The record further discloses that thereafter, but on the same day, upon the oral motion of Clarence A. and Rosa A. Herman for authority to comply with the terms and conditions of §11588, GC, being more commonly known as the "Best Act," the court ordered that the cause be continued upon certain conditions provided for in said Best Act, and that the sale of said premises be postponed until April 1, 1939, provided said conditions were complied with.

The only question before the court for decision is as to whether the foreclosure proceedings were upon a mortgage to which the Best Act applies.

The Best Act, as originally adopted by the legislature and as subsequently amended by the legislature, expressly and in definite terms provided, and as again amended in the form in which it appears today provides, that "no sale shall be postponed and no such proceedings had upon a mortgage executed after ▮ May 18, 1933." The mortgage in question was executed on April 20, 1936, and therefore by express provision the Best Act did not apply to a sale upon foreclosure of said mortgage.

While not plead, counsel concede that said building and loan company had a mortgage upon said premises which was executed by Clarence A. and Rosa A. Herman in 1928, and that said mortgage that was given in 1936 was given to secure the amount due under the 1928 mortgage, and an additional sum which had been furnished by the Wayne Building & Loan Co. to Clarence A. and Rosa A. Herman for the purpose of repairs upon the mortgaged premises, which money had been paid directly to the parties making such repairs.

We hold that these facts, even if they appeared in the record, would not render the Best Act applicable to the 1936 mortgage.

An interesting case bearing on the lack of authority to make such an order in the absence of statutory authority is **Provident Bldg. & L. Assn.** v **Pekarek, 52 Oh Ap 492, (21 Abs 44).** See also **Virginia Stock Land Bank** v **Shaffer, 7 O.O. 186.**

The order of the Court of Common Pleas made on the 17th day of April, 1937, giving to Clarence A. and Rosa A. Herman the benefit of the Best Act, is reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law.

STEVENS, PJ, and DOYLE, J, concur in judgment.